UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CANDIS ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Candis Robinson ("Candis"), is a natural person who resided in Louisville, Kentucky, at all times relevant to this action.

2. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that maintained its principal place of business in Edna, Minnesota, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because FRS resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, FRS collected consumer debts.

6. FRS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of FRS's revenue is debt collection.

8. FRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, FRS contacted Candis to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Candis is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, FRS began calling Candis on her home telephone in connection with the collection of a debt.

13. Shortly after the calls began, Candis telephoned FRS.

14. During this conversation, Candis notified FRS she retained legal counsel with respect to a claim against the original creditor, so she was not going to pay the debt FRS attempted to collect.

15. In response, FRS transferred Candis to another representative who threatened to take legal action if Candis did not pay the debt.

16. FRS has not taken legal action against Candis.

17. FRS never intended to take legal action against Candis.

18. Subsequently, despite Candis's notice that she retained legal counsel, FRS continued to call Candis in connection with the collection of a debt.

19. FRS's collection efforts, including but not limited to its telephone calls, caused Candis emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

20. FRS's collection efforts also intruded upon Candis's privacy.

21. In addition, each time FRS placed a telephone call to Candis, FRS occupied Candis's telephone number such that Candis was unable to receive other phone calls at that telephone number while FRS was calling her.

22. FRS's telephone calls also forced Candis to lose time by having to tend to FRS's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Candis re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

24. FRS violated 15 U.S.C. § 1692c(a)(2) by communicating with Candis notwithstanding knowledge that Candis was represented by an attorney with respect to the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Candis re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

26. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

27. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

28. The likely effect of FRS's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Candis.

29. FRS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Candis in connection with the collection of the debt.

4

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Candis re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

31. FRS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Candis re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

33. FRS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

34. Candis demands a trial by jury.

## PRAYER FOR RELIEF

35. Candis prays for the following relief:

    a. Judgment against FRS for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: March 31, 2017                    By:   /s/ J.D. Haas

*Of Counsel*
J.D. Haas, Esq.
SBN# 164173
Attorney for Plaintiff
HYSLIP & TAYLOR, LLC, LPA
9801 Dupont Avenue South
Suite 430
Bloomington, MN  55431
Phone: 952-345-1025
Facsimile: 952-854-1665
Email: jdhaas@jdhaas.com